IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RUFUS BROWN,**

      **Petitioner,**

  v.

                        **CASE NO. 2:20-CV-2382**
                        **CRIM. NO. 2:95-CR-66(2)**
                        **CHIEF JUDGE ALGENON L. MARBLEY**
                        **Chief Magistrate Elizabeth P. Deavers**

**UNITED STATES OF AMERICA,**

      **Respondent.**

## OPINION AND ORDER

Petitioner, a federal prisoner, has filed a Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 359.) This matter is before the Court on to its own motion to consider the sufficiency of the petition pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons that follow, the motion to vacate (ECF No. 359) is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

### I.     PROCEDURAL HISTORY

Petitioner challenges his 1995 convictions after a jury trial on one count of conspiracy to obstruct interstate commerce by robbery, four counts of unlawful obstruction of interstate commerce by robbery, armed bank robbery, robbery of a post office, and six counts of using or carrying a firearm during commission of a crime of violence, in violation of 18 U.S.C. § 924(c). The Court imposed an aggregate term of 1430 months imprisonment. The United States Court of Appeals for the Sixth Circuit affirmed this Court's judgment. *United States v. Brown*, 124 F.3d 200 (6th Cir. 1997).

Petitioner challenges his § 924(c) convictions in view of *United States v. Davis*, -- U.S. --, 139 S.Ct. 2319 (2019).  However, this is not Petitioner's first federal habeas corpus petition.

> In 1999, Brown filed his initial motion to vacate sentence, which the district court denied in 2000.  [The Sixth Circuit] denied Brown a certificate of appealability. *Brown v. United States*, No. 00-3824 (6th Cir. Dec. 10, 2001) (unpublished). Brown filed a second motion to vacate sentence in the district court in 2002, which transferred the motion to [the Sixth Circuit] for consideration as a motion for an order authorizing a second or successive habeas application pursuant to *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).  [The Sixth Circuit] denied Brown an order authorizing a second § 2255 motion. *In re: Brown*, No. 03-4120 (6th Cir. Feb. 6, 2004) (unpublished).
>
> On July 28, 2004, Brown filed a Fed. R. Civ. P. 60(b) motion for relief from judgment in the district court, which the court properly treated as a successive § 2255 motion[.]

(*Order*, ECF No. 289.)  On November 1, 2006, the Sixth Circuit denied authorization for the filing of a successive § 2255 motion.  *Id*.  On June 9, 2016, Petitioner filed a third motion under 28 U.S.C. § 2255.  (ECF No. 306.)  On June 14, 2016, the Court transferred that action to the Sixth Circuit as successive.  (*Order*, ECF No. 309.)  On October 6, 2016, and October 18, 2019, the Sixth Circuit denied authorization for the filing of a successive § 2255 motion.  (*Order*, ECF No. 319; *Order*, ECF No. 334.)  On May 11, 2020, Petitioner filed this, his fourth federal habeas corpus petition.

## II.  SUCCESSIVE PETITIONS

Before a successive motion to vacate under 28 U.S.C. § 2255 can be filed in a district court, the applicant must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. §§ 2244(b)(3)(A), 2255(h).  When a district court determines that a motion to vacate constitutes a successive motion, that court lacks jurisdiction to entertain the motion unless the court of appeals has authorized the filing.  *In re Smith*, 690 F.3d 809 (6th Cir. 2012).  Absent that approval, a district court in the Sixth Circuit

2

must transfer the motion to vacate to the United States Court of Appeals for the Sixth Circuit. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).

Because Petitioner has filed earlier motions to vacate, his present motion constitutes successive motion to vacate within the meaning of 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). This Court must therefore transfer the matter to the Sixth Circuit for authorization to consider it. *See In re Franklin*, 950 F.3d 909 (6th Cir. 2020).

### III. DISPOSITION

Accordingly, the Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 359) is hereby **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

**IT IS SO ORDERED**.

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**